Filed 12/21/23  P. v. Catalan CA5

<u>**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | F086119 |
| Plaintiff and Respondent, | (Super. Ct. No. LF009916C) |
| v. | |
| EDY RENE CATALAN, | **OPINION** |
| Defendant and Appellant. | |

<u>**THE COURT**</u>*

APPEAL from an order of the Superior Court of Kern County.  Charles R. Brehmer, Judge.

William I. Parks, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

*       Before Levy, Acting P. J., Poochigian, J. and Meehan, J.

## INTRODUCTION

In 2014, after a jury trial, appellant and defendant Edy Rene Catalan (appellant) was convicted of attempted voluntary manslaughter, with gang and great bodily injury enhancements, plus other felonies. Appellant was sentenced to 17 years eight months in prison.

In 2022, appellant filed a petition for resentencing pursuant to Penal Code[1] section 1172.6. In 2022, the trial court denied the petition and found appellant was ineligible for relief.

On appeal, appellate counsel filed a brief which summarized the facts and procedural history with citations to the record, raised no issues, and asked this court to independently review the record pursuant to both *People v. Delgadillo* (2022) 14 Cal.5th 216 and *People v. Wende* (1979) 25 Cal.3d 436. Appellant submitted a letter brief. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On April 3, 2014, an information was filed in the Superior Court of Kern County charging appellant and his codefendants Daniel Catalan (Daniel), Roberto Rodriguez (Rodriguez), and Dennis Ruth (Ruth) with count 1, premeditated attempted murder of German S. (§§ 664/187, subd. (a)(1)); count 2, assault with a deadly weapon on German S. (§ 245, subd. (a)(1)); count 3, assault by force likely to produce great bodily injury on Jamie B. (§ 245, subd. (a)(4)); count 4, active participation in a criminal street gang (§ 186.22, subd. (a)); and count 5, robbery of Elbardo S. (§ 212.5, subd. (c)), with gang, great bodily injury, and deadly weapon enhancements.

### Verdicts and Sentencing

On October 28, 2014, after a joint jury trial, the jury found appellant and his codefendants Daniel and Rodriguez not guilty of the charged offense in count 1 of

---

[1] All further statutory citations are to the Penal Code.

attempted murder, but guilty of the lesser included offense of attempted voluntary manslaughter (§§ 664/192, subd. (a)), with enhancements that they committed the offense for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)), personally inflicted great bodily injury (§ 12022.7, subd. (a)), and personally used a deadly or dangerous weapon, a knife (§ 12022, subd. (b)(1)).

Appellant and codefendants Daniel and Rodriguez were found guilty of count 2, assault with a deadly weapon other than a firearm (§ 245, subd. (a)(1)), with gang and great bodily injury enhancements; count 3, not guilty of the charged offense of assault by means of force likely to produce great bodily injury, but guilty of the lesser included offense of misdemeanor assault (§ 240); guilty of count 4, active participation in a criminal street gang (§ 186.22, subd. (a)), with the deadly weapon enhancement; and guilty of count 5, second degree robbery (§ 212.5, subd. (c)), with the gang enhancement. The court found appellant had one prior prison term enhancement. The jury was unable to reach verdicts as to codefendant Ruth.

On December 16, 2014, the court sentenced appellant to 17 years eight months in prison.

In 2018, this court filed the nonpublished opinion in the joint appeal that ordered corrections in the abstracts of judgment, and otherwise affirmed the judgments against appellant and codefendants Daniel and Rodriguez. (*People v. Catalan et al.* (Aug. 20, 2018, F070809.)

## APPELLANT'S PETITION

On April 15, 2022, appellant filed a petition for resentencing of his conviction for attempted voluntary manslaughter and requested appointment of counsel. He filed a supporting declaration that consisted of a preprinted form where he checked boxes that he was eligible for resentencing because he was convicted of murder, attempted murder, or manslaughter following a trial, and he could not presently be convicted of murder or

attempted murder because of changes made to sections 188 and 189, effective January 1, 2019.

On April 21, 2022, the court conducted a hearing and appointed counsel to represent appellant, set a briefing schedule for the parties, and scheduled another hearing to determine whether the petition stated a prima facie case.[2]

**The People's Opposition**

On July 19, 2022, the prosecution filed opposition, and requested the trial court to take judicial notice of the records from appellant's jury trial and this court's opinion that affirmed the judgment on direct appeal. The prosecution argued appellant was convicted as a direct aider and abettor, and he was a major participant who acted with reckless indifference to life.

**Appellant's Reply**

In reply, appellate counsel objected to the trial court taking judicial notice of the prior appellate opinion or relying on the prior opinion to make the prima facie finding, and argued the court should conduct a de novo review of the record at an evidentiary hearing.

**The Trial Court's Order**

On September 21, 2022, Judge Brehmer conducted a hearing on whether appellant's petition stated a prima facie case for relief. Judge Brehmer stated he had presided over the trial, and gave a tentative ruling that appellant was ineligible for resentencing because he could still be convicted of attempted voluntary manslaughter after the amendments to sections 188 and 189. The court invited arguments and the

---

[2] Appellant's opening brief erroneously states the court made a prima facie finding at the April 21, 2022, hearing. The record shows the court never made a prima facie finding in this case. On April 21, 2022, the court merely scheduled a hearing to determine whether appellant's petition stated a prima facie case.

parties submitted the matter.  The court adopted its tentative ruling and denied the petition.

## DISCUSSION

As explained above, appellate counsel filed a brief with this court pursuant to *Wende* and *Delgadillo*.  The brief included counsel's declaration that appellant was advised he could file his own brief with this court.  This court also advised appellant that he could file a supplemental letter brief, and the appeal would be dismissed pursuant to *Delgadillo* if he failed to do so within 30 days.

In response to this court's order, appellant filed a letter with this court that stated he did not have any issues or arguments to raise about his petition, but he did not want his appeal dismissed.

Our review of the record demonstrates the trial court correctly denied appellant's petition for failing to state a prima facie case because he was ineligible for relief as a matter of law.  While appellant was charged with attempted murder, the jury found him not guilty of that charge and instead convicted him of attempted voluntary manslaughter as a lesser included offense.

The initial version of former section 1170.95 provided that a person who was convicted of murder could file a petition for resentencing under certain circumstances if convicted under the felony-murder rule or the natural and probable consequences doctrine.  (*People v. Birdsall* (2022) 77 Cal.App.5th 859, 864–865.)  Effective January 1, 2022, Senate Bill No. 775 (2021–2022 Reg. Sess.) made substantive amendments to former section 1170.95 "clarifying that, in some circumstances, the same relief available to persons convicted of murder is also available to persons convicted of attempted murder or manslaughter [citations] .…"  (*People v. Birdsall*, at pp. 864, 865; *People v. Vizcarra* (2022) 84 Cal.App.5th 377, 388.)  On June 30, 2022, the statute was renumbered as section 1172.6 without further substantive changes.  (*People v. Saibu* (2022) 81 Cal.App.5th 709, 715, fn. 3.)

5.

The current version of section 1172.6 has thus limited resentencing to petitioners convicted of murder, attempted murder, and manslaughter based on theories of imputed malice. The Legislature could have but did not include attempted voluntary manslaughter within the amended statute. It is not our role to add words to the statutory language and we decline to do so. (*People v. Chambless* (1999) 74 Cal.App.4th 773, 783.) " '[I]nsert[ing]' additional language into a statute 'violate[s] the cardinal rule of statutory construction that courts must not add provisions to statutes. [Citations.]' " (*People v. Guzman* (2005) 35 Cal.4th 577, 587.) "Where, as here, the Legislature makes express statutory distinctions, 'we must presume it did so deliberately, giving effect to the distinctions, unless the whole scheme reveals the distinction is unintended. … [W]e presume the Legislature intended everything in a statutory scheme, and we should not read statutes to omit expressed language or include omitted language.' " (*People v. Connor* (2004) 115 Cal.App.4th 669, 691.)

## DISPOSITION

The court's order of September 21, 2022, denying appellant's petition is affirmed.